IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMINA GLOVER : <br> 1 West 19th Street : <br> Linden, New Jersey 07036 : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> WELLS FARGO BANK : <br> 141 Elmora Avenue : <br> Elizabeth, New Jersey 07202 : <br>     Defendant. : | CIVIL ACTION <br> No.: <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

1. This action has been initiated by Shamina Glover (hereinafter referred to as "Plaintiff or Ms. Glover") for violations of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e, et seq. and (Title VII), 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 (Section 1981) and the New Jersey Law against Discrimination ("NJ LAD") as a result of Wells Fargo Bank's (hereinafter referred to as "Defendant") failure to hire/failure to promote based on her race and/or national origin (Black/African American and non-Hispanic and/or non-Latino).

## JURISDICTION AND VENUE

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1391 and the claim is substantively based on Title VII and Section 1981. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in New Jersey and is subject to personal jurisdiction in New Jersey.

3. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim within the Court's original jurisdiction that they form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of New Jersey and has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in <u>International Shoe Company v. Washington</u>, 326 U.S. 309 (1945), and its progeny.

## PARTIES

5. Plaintiff, Shamina Glover, is a Black/African American woman residing in Linden, New Jersey.

6. Defendant, Wells Fargo Bank, is a national banking institution with offices nationwide, including the address listed above.

7. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

8. The foregoing paragraphs are fully incorporated herein as though set forth at length.

9. Plaintiff has been employed with Wells Fargo Bank at the Elizabeth-Elmora branch for seventeen (17) years. She was hired on June 9, 2003 as a part-time teller and became a full-time teller a few years later.

10. In 2012, Plaintiff was promoted to Head Teller at her branch and has held that position for the past ten (10) years.

11. At the time she was hired, the community within which the Elizabeth-Elmora branch was a diverse community off different races and ethnicities. Over time, the community became overwhelmingly comprised of Hispanic/Latino residents.

12. Plaintiff is currently the only Black/African American employee at her branch.

13. Plaintiff began applying for promotions around 2011 with no positive results.

14. Initially, she was told that she did not qualify for a promotion because her referral sales/sales goals were inadequate. Plaintiff's sales goals were low due to a language barrier because ninety percent (90%) of the branch's customers were Spanish-speaking. Even with this explanation, her management was unmoved. They told her that she should learn Spanish. In 2017 Defendant was under fire for unethical sales practices and sales goals were abolished.

15. In 2012, Plaintiff missed a Lead Teller training due to child care issues. Her manager refused her request to reschedule the training. From that time forward, her applications were denied often without even a telephone screening. Recruiters were non-responsive when she requested feedback.

16. In 2013, Plaintiff began taking college courses and by 2018 she had earned an Associates of Applied Science from Union County Community College and a Bachelor's of Science degree in Business Management from Kean University.

17. Even after obtaining two business management degrees, Defendant continued to deny her job applications.

18. Ms. Glover has trained team members with no college education who were subsequently promoted to management positions, licensed banker positions and banker

positions.

19. The following Hispanic and/or Latino employees at the Elizabeth-Elmora branch have been promoted instead of Plaintiff:

a. Cristina Gutierrez became the Service Manager in Plaintiff's branch around 2014/2015 after she was transferred to the Elizabeth-Elmora branch from another district in New Brunswick, NJ. Ms. Gutierrez received a promotion in 2018. Ms. Gutierrez is Portuguese.

b. Deylis Linares started with Defendant as a teller in 2009. She and Plaintiff worked side-by-side on the teller line. Ms. Linares became a Customer Service Sales Representative, Personal Banker, Service Manager 2 and Store Manager 2 at Plaintiff's branch. Ms. Linares had no management experience when she obtained these positions and typically employees must serve as a Service Manager 1 before serving as a Service Manager 2. After working as s Service Manager 2, Ms. Linares was promoted to Store Manager. Ms. Linares is El Salvadorian.

c. Yanliz Beltran started with Defendant around 2010-2011 as a Financial Specialist. After failing to obtain necessary securities licenses, she was placed as Service Manager and was Plaintiff's manager for two (2) years before she was promoted to a Store Manager at another branch. Ms. Beltran is Cuban.

d. Rosealba Martes was a transfer from a branch in Florida. She was promoted to Service manager at Plaintiff's branch before transferring back to Florida as a Service Manager. Ms. Martes is Dominican.

e. Maira Bissio is a Service Manager and has been Plaintiff's manager since

      February 2019 after she was transferred to her branch from another district and was hired as the Service Manager in February 2019. Ms. Bissio is Uruguayan.

    f.  Nelson Lemes was a part-time teller. Plaintiff and Mr. Lemes worked together for about four (4) years. When he provided 2 weeks' notice to pursue another career, Defendants offered him a promotion to stay at Wells Fargo.

    g.  Other employees promoted over Plaintiff are David Vasques (Peruvian), Christian Restrepo (Colombian), Angelly Victoria (Dominican), Karen Borbor (Hispanic) and Gabriela Ramos (Ecuadorian). Plaintiff worked with each of these employees on the teller line.

20. Plaintiff has had four (4) different female Hispanic Service Managers before Ms. Bissio and was never allowed to apply for the positions. Defendant told Plaintiff that she "didn't have the numbers."

21. Ms. Glover had a conversation with her manager, Minerva Rimolo, who acknowledged that Plaintiff was being overlooked for opportunities. She assured Plaintiff that she would try to advocate for her promotion, but Plaintiff still was not promoted.

22. At one point, Ms. Rimolo was promoted from Branch Manager to District Manager and the former District Manager, Ivon Creagh, became the Area President. Ms. Creagh is now a Region President in the Greater Pennsylvania area. Plaintiff believes her name was placed on a "do not hire" list.

23. Ms. Rimolo and Ms. Creagh are both Hispanic (Cuban) women.

24. Plaintiff was so frustrated that in 2017 she contacted the Ethics Hotline to discuss her discrimination claims. Her claims were never addressed in any meaningful way.

25. Also, in 2017 she was assigned to cover a branch in Hillside, NJ where the majority of the customers are Black/African American. A recruiter and her District Manager at the time asked her if she wanted to stay at that branch instead of returning to Elizabeth-Elmora. Plaintiff declined because she felt that they were attempting to push her out of the Elizabeth-Elmora branch.

26. On October 28, 2019, Plaintiff contacted Defendant's Human Resources department to make a formal complaint of discrimination. She also spoke with an Employee Relations specialist explaining her frustration in not being promoted or considered for other jobs. In response to her complaints and concerns, Defendant advised her to copy her manager on her job applications and her human resources claim was closed.

27. Ms. Glover has applied to seventeen (17) jobs between March 17, 2017 and January 21, 2020. Defendant denied her application for all seventeen (17) jobs. Most of the positions were in the Financial Crimes unit or Service Manager positions. Plaintiff met the minimum qualifications for all positions.

28. During her over ten (10) years of employment, she has never earned over $20 per hour. The jobs she has been applying for would increase her pay $10,000-$14,000 per year.

29. Plaintiff is currently on a paid leave status in-part due to the COVID-19 pandemic.

### COUNT I
*Title VII, Section 1981 and NJLAD-Race/Nationality*

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. The actions of the Defendant, through its agents, servants and employees, were discriminatory in nature and motivated by reason of Plaintiff's race/nationality, ultimately resulting in his reprimand, harassment, reassignment, denial of training and/or termination

which constitutes a violation of Title VII of the Civil Rights Act of 1964 and NJ Law Against Discrimination.

32. By the conduct described above in regards to Defendant's failure to promote/hire Plaintiff, Defendant intentionally deprived her, a Black/African American citizen, of the same rights as are enjoyed by Hispanic citizens to the creation, performance, enjoyment and all benefits and privileges, of their contractual employment relationship with Defendant in violation of 42 U.S.C. §1981.

33. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling her to compensatory damages.

34. Defendant is an employer within the meaning of the above-referenced statues.

35. Plaintiff was an employee within the above-referenced statutes.

36. Plaintiff is a member of a protected class as she is Black/African-American.

37. Plaintiff was qualified for promotion/hire as she has had satisfactory performance evaluations, has two degrees, has trained others who have obtained the positions she seeks and has been employed by Defendant for over ten (10) years.

38. Plaintiff suffered from disparate treatment when Defendant intentionally discriminated against her through its conduct by treating her differently than Hispanic and/or Latino employees with respect to hiring and/or promotions.

39. Plaintiff suffered and adverse employment action when she was not considered for or promoted to any of the jobs she applied for in the past four (4) years for purposes of

Section 1981, the past 300 days for the purposes of Title VII and the past two (2) years for purposes of NJ LAD.

40. The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

41. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, in violation of Title VII of the Civil Rights Act of 1964, Section 1981 and NJ LAD, Plaintiff has sustained severe emotional and psychological distress, a loss of earnings, plus the loss of future earning power, plus back pay and interest due thereon.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions, as permitted by applicable law;

D. Plaintiff is to be awarded liquidated and/or punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (as permitted under applicable claims/laws);

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable

attorney's fees as provided by applicable federal laws.

## JURY DEMAND

Plaintiff demands trial by jury.

                                                    Respectfully submitted,

                                                  **McCain Law, PC**

                                                  By: */s/ Zakia E. Moore*
                                                  Zakia E. Moore, Esquire
                                                  1515 Market Street, Suite 1200
                                                  Philadelphia, PA 19102
Date: September 4, 2020                       215-236-1086

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 28 USC §1746, relating to unsworn falsification to authorities.

_____
Shamina Glover

Date: 9/4/2020